**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEROME MARTIN,

                Petitioner,

                                CIVIL NO. 2:17-CV-10214

v.                              HONORABLE SEAN F. COX

                              UNITED STATES DISTRICT COURT

RANDALL HAAS,

                Respondent.

_____/

**OPINION AND ORDER**
**SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

       Jerome Martin, presently incarcerated at the Macomb Correctional Facility in New

Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his *pro se* application, petitioner challenges his sentence for four counts of assault with

intent to commit murder, Mich. Comp. Laws, § 750.83; two counts of armed robbery, Mich.

Comp. Laws, § 750.529; and one count of felony-firearm, Mich. Comp. Laws, § 750.227b.

For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY**

**DENIED WITH PREJUDICE.**

## I.  Background

       Petitioner was convicted of the above charges following a jury trial in the Wayne

County Circuit Court.  On March 3, 1993, petitioner was sentenced to 30 to 60 years in

prison for the assault with intent to commit murder convictions, 40 to 60 years on the armed

robbery convictions, and 2 years on the felony-firearm conviction.

Direct review of petitioner's conviction ended in the Michigan courts on July 28, 1995, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his direct appeal by the Michigan Court of Appeals. *People v. Martin*, 449 Mich. 905, 536 N.W.2d 782 (1995).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Martin,* No. 92-008242-01-FC (Third Cir.Ct. Dec. 18, 2015); *reconsideration den.* No. 92-008242-01-FC (Third Cir.Ct. Jan. 27, 2016). The Michigan appellate courts denied petitioner leave to appeal. *People v. Martin,* No. 331675 (Mich.Ct.App. May 10, 2016); *lv. Den.* __ Mich. __; 887 N.W. 2d 399 (2016).

Petitioner seeks a writ of habeas corpus on the following ground:

> Mr. Martin is entitled to a resentencing due to the retroactive change in law pursuant to *People v. Lockridge* because it has undermined a prior decision decided against the petitioner.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of

action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

## III.  Discussion

Petitioner claims that the trial judge violated his Sixth Amendment right to trial by

jury by using factors that had not been proven beyond a reasonable doubt or admitted to by petitioner to upwardly depart from the sentencing guidelines range of 8 to 20 years to sentence petitioner to 40 to 60 years on the armed robbery convictions.

This Court initially notes that petitioner's sentence of forty to sixty years in prison was within the statutory limit under Michigan law for the crime of armed robbery. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *See Austin*, 213 F. 3d at 301; *see*

5

*also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner, however, contends that the judge used facts that had not been proven beyond a reasonable doubt when he departed above the applicable sentencing guidelines range.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58.

At the time of petitioner's conviction and sentence, *Harris* was good law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re*

6

*Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Although the Michigan Supreme Court recently relied on *Alleyne* to hold that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial, *People v. Lockridge,* 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), a federal district court may only grant habeas relief if it finds that the state court's decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the *Supreme Court of the United States*' or 'was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir.2012)(quoting 28 U.S.C. § 2254(d))(emphasis added). In addition, "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Id*. (citing *Williams v. Taylor*, 529 U.S. at 380). Because the Supreme Court at the time of petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, petitioner is not entitled to habeas relief on his claim. *See Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013).[1]

## IV.  Conclusion

---

[1]  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing Mich. Comp. Laws, § 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing Mich. Comp. Laws, § 769.8).

The Court summarily denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claim to be debatable or wrong. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## V.  CONCLUSION

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and

leave to appeal *in forma pauperis*.

Dated:  February 15, 2017                          s/Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on February 15, 2017, the foregoing document was served on counsel of record via electronic means and upon Jerome Martin via First Class mail at the address below:

Jerome Martin 229792
MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
NEW HAVEN, MI 48048

                                                   s/J. McCoy
                                                   Case Manager